A. J. MILLION'S ADM'R v. JOHN HOLEMAN ET AL.

**Executors and Administrators—Action by Administrator to Settle Estate —Answer.**

In an action by an administrator to settle the estate, sell land to pay debts, divide the land among the heirs, and to obtain an allowance for claims for which he was not given credit in a former settlement, an answer surcharging the former settlement and alleging plaintiff's indebtedness to the heirs as a set-off against the claims, presents a good defense.

**Executors and Administrators—Claims by Administrator.**

Where claims of an administrator have been passed upon by a court of competent jurisdiction and pronounced valid, they should not be rejected in a suit to surcharge the settlement because of defects in affidavits attached thereto.

**Executors and Administrators—Claims by Administrator—Set-Off.**

As against a claim asserted by an administrator in a settlement suit, the heirs may set off rent for the land.

**Executors and Administrators—Settlement Suit—Attorney's Fees.**

In a settlement suit by an administrator, if he is allowed a claim against the estate, he is entitled to a judgment for attorney's fees.

APPEAL FROM MERCER CIRCUIT COURT.

April 1, 1874.

Opinion by Judge Pryor:

This action is by the administrator of A. J. Millions to settle Millions' estate and divide the lands.left by him between the heirs, who are made defendants, and asking to sell the land, or such of it as may be necessary to pay the debts. The administrator had made a settlement in the county court, but asks to be allowed other claims for which he was not credited in that settlement. Some of the heirs answer, denying the insufficiency of amounts and surcharging the settlement made in the county court; and as a set-off to the claim asserted by the administrator, they insist that he is indebted to the heirs for the rent of the land. This defense was proper, and directly consistent with the subject-matter of the action; and no summons was necessary as against the administrator. The amended answer and cross-petition are against Green Millions, as administrator, as it charges specifically that he has not kept and performed the conditions of his bond as administrator, and then proceeds to assign the breaches, etc. The exceptions of the administrator to the rejection of his claim for $67.50 were properly overruled. His fourth exception should have been sustained, as he was entitled to all the credits allowed him for vouchers in his settlement with the county judge. Those vouchers improperly rejected are numbers 10, 12 and 30. They can only be attacked by showing that they were not just claims against the estate, in other words, that the debts were not owing by the intestate. They have been passed upon by a court of competent jurisdiction having the right to determine the validity of the claims; and when pronounced to be valid, they should not be disallowed in a suit to surcharge the settlement because of defects in the affidavits annexed thereto. These are the only errors we perceive in the judgment. As to the charge of rent for the land, the heirs had an undoubted right to plead it as a set-off to the claim asserted by the administrator. The case should go back to the commissioner; and if, when the proper credits are allowed, the administrator has a claim against the estate, he should be allowed an attorney's fee; otherwise not. The judgment shows that a division of the land was ordered by consent, and the appellant has no cause to complain. If he has purchased the interest of any of the heirs there is·nothing to prevent his taking possession of the part allotted to the heirs of whom he purchased. If appellant claims an interest in the land which is not

fully presented by the record, it is his own fault. No one is appealing in this case but himself, and it was his duty to have made his interest in the land known to the court. If it appears that he owns other interest, there is no reason, as there was no contest as to the extent of his claim, why he may not have deeds made in accordance with the division, or have a settlement, if the court should be of the opinion that justice to the rights of the parties requires this branch of the case to be opened. It must be done, however, at the cost of the administrator.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Polk, for appellant.*

*Thompson, for appellees.*